UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Anthony Bockelman and Cory Hafer, )
                                  Plaintiffs    )
                                                )
      v.                                           )         Case No. 10-1001 JAG
                                                )
BNSF Railway Company,              )
                                  Defendant    )

## ORDER

Now before the Court are two motions filed by the Plaintiff, one to amend the complaint (#48) to add a claim for punitive damages and the other to extend the discovery deadline (#47) to allow for disclosure and deposition of expert witnesses. A hearing was held on these motion on this date. As stated herein, both motions are **DENIED**.

## BACKGROUND

The Rule 16 conference in this case was held on May 6, 2010. Prior to that conference, the parties submitted an agreed Report of Rule 26(f) Planning Meeting. At the conclusion of the conference, the Court approved the schedule proposed in that Report and added dates for a final pretrial conference and a trial. As is pertinent here, the deadlines and dates were:

| | |
|---|---|
| Amendment of pleadings | Aug. 1, 2010 |
| Identification of experts and disclosure of reports | Nov. 1, 2010 |
| Completion of all discovery | May 1, 2011 |
| Final Pretrial Conference | Oct. 7, 2011 |
| Jury Trial | Oct 31, 2011 |

**EXTENSION OF TIME TO COMPLETE EXPERT DISCOVERY**

In this motion, Plaintiff asks that the scheduling order be amended to "permit expert witness discovery." Plaintiff's motion was filed on July 19, 2011, six weeks after all discovery, fact and

expert, was to have been completed and over 9 months after expert witnesses and their reports were to have been disclosed. The only explanation given by Plaintiff is that this was a complicated case with a lot of discovery; there is no explanation of why this discovery could not have been done during the time the parties originally agreed would be sufficient.

The Federal Rules of Civil Procedure provide that a party must make disclosures of experts and their reports "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)2)(D). The scheduling order in this case required expert reports to be disclosed last November and all discovery to be completed last May.

Local Rule 7.1 of this Court provides:

Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Motions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice.

The Seventh Circuit has repeatedly held that a district court is within its discretion to enforce the deadlines set by Local Rules and scheduling orders See, Shah v. American Bottling Co., Inc, - F.Supp. 2d -, Case No. 07-1042, 2009 WL 3229405, 2 (C.D.Ill. 2009); and Waldridge v. American Hoechst Corp., 24 F.3d 918, 921-22 (7th Cir. 1994), both collecting cases. Local rules "are intended to force parties and their attorneys to be diligent in prosecuting their causes of action. Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir.1996). As noted in Shah, supra, and in Compania Administradora de Recuperacion de Activos Administradora, - F.Supp. 2d -, 2006 WL 1084422, *2 (C.D.Ill.2006), the Central District of Illinois expects that lawyers who foresee or who should foresee a problem meeting deadlines will file a motion to extend the deadline before the deadline expires.

During the course of this case, Plaintiff's counsel has made no timely effort to seek the Court's permission to extend the deadlines that were ordered at the beginning of this case. In the present motion, he does not even refer to the Local Rule or the Federal Rule cited above.

At the hearing on this motion, he presented factual arguments that he opined would allow the Railroad to continue to be negligent in its future bridge inspections if expert discovery was not re-opened, but that has nothing to do with whether his motion was timely. Moreover, it has nothing to do with whether he can succeed without expert discovery in the case before this Court (i.e. not in some hypothetical future case) or whether a "substantial injustice" would result from denial of the motion.

He also asserts that there is still "sufficient time" to complete this discovery before the trial, despite the fact that re-opening discovery would necessitate re-opening it for *both* parties, not just the Plaintiff. With the final pretrial conference less than 3 months from now, there is little to no likelihood that deposition of Plaintiff's proposed experts (there are at least 3 of them) can be taken, and that defendant will have time to obtain reports and tender their new experts for depositions by then, let alone that Daubert motions might be filed or that a meaningful final pretrial order could then be prepared for the final pretrial conference.

Re-opening discovery in this case - which will be 3 years old in November - will necessarily result in substantial delay of the final pretrial conference and the jury trial. This disruption to the schedule of the Defendant and to the docket of the Court constitutes real prejudice. To negate that prejudice, Plaintiff must have shown substantial injustice, which I find that he has failed to do. The motion to re-open discovery is therefore DENIED.

**PUNITIVE DAMAGES**

This motion too was untimely filed. The deadline for amending pleadings was a year ago.

As was the case with the motion discussed above, no cognizable explanation for the late date of the proposed amendment has been given. Plaintiff points out that certain depositions taken October of last year and February of this year first suggested the need for such a claim, but he took no action in the intervening months. Plaintiff tries to explain his lack of action by pointing out that he did not receive his liability expert's report until June of 2011. As mentioned above, the deadline for expert reports to be *disclosed* to the other party was last November. Plaintiff cannot rely on his untimely expert discovery as a basis for his untimely motion to amend the pleadings.

The explanation given for this motion's untimeliness is wholly unsatisfactory. It is so far out of time that it must be DENIED.

## CONCLUSION

As stated herein, the motion to extend the deadline for completion of discovery (#47) is DENIED, and the motion for leave to amend the complaint (#48) is DENIED.

ENTERED ON  August 10, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE