UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Anthony Bockelman and Cory Hafer, ) | | |
| Plaintiffs ) | | |
| ) | | |
| v. ) | | Case No. 10-1001 |
| ) | | |
| BNSF Railway Company, ) | | |
| Defendant ) | | |

**ORDER**

Now before the Court is the Plaintiff's Motion for leave to amend Final Pretrial Order (#74). In that motion, Plaintiff asks that the Final Pretrial Order be amended to reflect that he will be seeking punitive damages from the Defendant.

In this motion, Plaintiff states that he will seek punitive damages without amending his complaint. In support of that proposition he cites 4 cases, none of which support his contention that this is proper.

In Soltys v. Costello, 520 F.3d 737 (7th Cir. 2008), the Court of Appeals stated that the error "may have been" denying plaintiff's motion to amend to add punitive damages, but the court went on to find no error under the circumstances. One of the circumstances was presentation of the motion at the "eleventh hour." Which in that case was after close of discovery, after defendant had conceded liability, after the filing of the final pretrial order and after the final pretrial conference. All of that is true in this case, so Soltys does not help Plaintiff one bit.

The other 3 cases are all from out of the Seventh Circuit so they are not dispositive. They are also factually distinguished. In Bowles v. Osmose Utilities Svcs. Inc., 443 F.3d 671 (8th Cir. 2006), the defendant had been put on notice of the claim during discovery and again during preparation of pre-trial disclosure material. In both  Scutieri v. Paige, 808 F.2d 785 (11th Cir. 1987),

and Guillen v. Kuykendall, 470 F.2d 745 (5th Cir. 1972), the plaintiff had pled malice, wanton conduct, willful misconduct, and/or bad faith and reckless disregard in the complaint.

Under Fed.R.Civ.P. 15, leave to amend shall be freely given "when justice so requires." In this case, Plaintiff has utterly failed to show any basis for this eleventh hour effort to interject into this case the issue of punitive damages. Discovery was completed without any indication on Plaintiff's part to explore the issue. Were amendment allowed at this late date, Defendant would clearly be entitled to conduct discovery on the question. This case is set for trial in 2 weeks, so that would necessitate a delay in the trial, a delay that could have been completely avoided had plaintiff been more diligent in seeking this type of damages. The adverse impact on limited judicial resources as well as on party resources is unavoidable if amendment is allowed.

Accordingly, I conclude that justice does not require that this amendment be allowed. The motion is denied.

ENTERED ON  October 18, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE